## SUPREME COURT.

### EVERTSON and others agt. GIVAN and others.

A formal *exception* to a referee's report under an interlocutory decree, is not necessary. Where the exceptions to the evidence before the referee at the hearing are specific enough, it is not necessary to repeat them on the summing up before the referee, or at any other time.

Where the decree of the court, without expressly deciding Mrs. Evertson's estate was liable for the want of reasonable care and diligence in collecting the money due upon the bond and mortgage, directed the referee to ascertain whether she failed as to her duty in that respect, and the referee having reported fully upon the point, this court confirmed the report—the referee having had full opportunity to canvass and weigh the whole evidence thereon.

*New-York Special Term, April,* 1858.

CLERKE, Justice. The exceptions taken to some portion of the evidence before the referee, are perhaps specific enough, as exceptions taken to evidence at the trial; it would be other-wise if they were regarded as exceptions taken to the report itself, which the old practice in references of this nature always required. But under the present system, formal exceptions to reports under interlocutory decrees are not necessary; and al-

though the counsel has deemed it prudent to file such exceptions in this case, I regard them merely as points upon which his argument in opposition to this report is founded.

The objection therefore, that the exceptions are not sufficiently specific, does not apply in this·case ; the exceptions to the evidence before the referee at the hearing, were specific enough ; and I do not think it was necessary to repeat the exceptions on the summing up before the referee, or at any other time.

But I do not deem the exceptions in substance, tenable. This is in effect, whatever it may be technically denominated, an action to give efficacy to a decree, in a former action between the same parties or their privies ; and all proceedings, evidence, proofs and pleadings of record, and which were taken and exhibited in the one, may properly be read in the other.

With regard to the substantial merits of this very long and very complicated controversy, they have been fully passed upon by the decree of the chancellor in the former suit, and by that of Judge MITCHELL, in this, bearing date 22d March, 1854. In these decrees, it is decided that the plaintiffs were entitled to the moneys secured in the name of George B. Evertson, on the mortgage referred to, and that those who claim under Nicholas Evertson, as his legatees or next of kin, or under them, and those who claim under Mrs. Evertson or her legatees, or next of kin, or under them, are liable to refund whatever amount she received on this mortgage with interest, to the extent of what they have actually received out of the estates of Nicholas Evertson and Mrs. Evertson ; and by Judge· MITCHELL's decree, the referee was directed to ascertain the amount received by Mrs. Evertson on account of the said bond and mortgage, and to take an account of the principal and interest due thereon, from their date to the date of the report. The referee was also directed to inquire and report which of the defendants, if any, &c., received any portion of this amount collected by Mrs. Evertson, and how much, and whether the same was received directly as part of the money derived from the proceeds of this mortgage, or merely as part of the general

accounts of Nicholas Evertson's estate, or of Mrs. Evertson's estate, with some specific directions as to the extent and manner of the inquiry. The decree, without expressly deciding Mrs. Evertson's estate was liable for the want of reasonable care and diligence in collecting the money due upon the bond and mortgage, directs the referee to ascertain, whether she failed as to her duty in that respect; virtually deciding or presuming that her estate, or her husband's, was liable for her neglect of due diligence. This is the only original question in the cause, which it can be supposed is left for me to decide; and on this point, I will confirm the referee's report, as well as upon all the other subjects in relation to which he was instructed to inquire. I have no reason to doubt the correctness of his conclusions. Report confirmed with costs. Before the settlement of the judgment, let some person be substituted, in the place of Mr. Palmer, deceased.